UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                      No. 01-4080

GREGORY HINTON,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-00-180)

Submitted: October 31, 2001

Decided: December 28, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John Kenneth Zwerling, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Dabney Langhorne Friedrick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Gregory Hinton was convicted of bank robbery, *see* 18 U.S.C.A. § 2113 (West 2001), and use of a firearm in a crime of violence, *see* 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2001). Hinton was sentenced to life imprisonment on the bank robbery conviction and to a consecutive term of eighty-four months on the conviction for use of a firearm. Hinton raises several issues on appeal. We affirm the district court on all issues.

The district court concluded that Hinton voluntarily consented to a search of his van, and the court therefore denied Hinton's motion to suppress the evidence obtained during the search. Hinton contends this was error. This court reviews the district court's factual findings on a denial of a motion to suppress for clear error and its legal conclusions de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992).

Whether consent to search was voluntarily given is a factual question determined by considering the totality of the circumstances. *See United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). When making this determination, "it is appropriate to consider the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." *Id.* A review of the district court's factual findings reveals no clear error. The district court properly found Hinton did not display any characteristics that would render him incapable of voluntarily consenting or withholding consent to the search of the van. Likewise, the district court properly found no coercion in the circumstances surrounding the procurement of Hinton's consent to search the van.

Hinton also contends that the evidence should be suppressed because he was illegally seized by the federal agents when they haled him from their car and then approached him on foot to question him about the robbery. Because Hinton did not raise this issue below, we

review the claim for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). While a person may not be seized without a reasonable suspicion of criminal activity, the Fourth Amendment is not triggered by a consensual encounter between a police officer and a private citizen. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991); *United States v. Burton*, 228 F.3d 524, 527 (4th Cir. 2000). An encounter remains consensual as long as the citizen voluntarily cooperates with the police. *See United States v. Wilson*, 953 F.2d 116, 121 (4th Cir. 1991). After considering all of the circumstances surrounding the encounter, we conclude that until the search of the van revealed incriminating evidence, the encounter between Hinton and the agents was consensual. *See United States v. Gray*, 883 F.2d 320, 322 (4th Cir. 1989). Because the encounter between Hinton and the agents was consensual, there was no illegal seizure and no error, plain or otherwise.

And because we conclude that, until the van was searched, the encounter was consensual and thus not a seizure, we likewise reject Hinton's claim that the statements he made prior to the search of the van should be suppressed because no *Miranda* warnings had been given. *See United States v. Sullivan*, 138 F.3d 126, 130 (4th Cir. 1998) ("The procedural safeguards prescribed by *Miranda* apply only where there has been such a restriction on a person's freedom as to render him in custody." (internal quotation marks omitted)); *United States v. Howard*, 115 F.3d 1151, 1154 (4th Cir. 1997) ("An individual is in custody for *Miranda* purposes when, under the totality of the circumstances, the suspect's freedom of action is curtailed to a degree associated with formal arrest." (internal quotation marks omitted)).

Finally, Hinton contends the district court should have declared a mistrial because the government during rebuttal closing argument improperly commented upon Hinton's failure to testify. The "denial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances." *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997).

For an argument by the government to amount to an improper comment on a defendant's failure to testify, "the language used manifestly [must have been] intended to be, or [must have been] of such charac-

ter that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Anderson*, 481 F.2d 685, 701 (4th Cir. 1973) (internal quotation marks omitted). After hearing the entirety of the government's rebuttal argument, the district court concluded that the comment was not of "such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." (JA 650). We find that the district court acted within its discretion and properly applied this court's standard for determining whether the Government's remarks, considered within the context of the entire argument, were a comment on Hinton's failure to testify.

We therefore affirm Hinton's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*